IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NOs. CPG2650, CPG4808, CPG5901, CPG4951, and CPG6014 )<br><br>Plaintiffs,<br><br>vs.<br><br>B&W REALTY INVESTMENTS, LTD., a/k/a B&W REALTY, INC. d/b/a NISKY CENTER AND VITRACO PARK MALL, a/k/a B&W REALTY INVESTMENTS, LTD d/b/a NISKY CENTER AND VITRACO PARK MALL, THE PROFESSIONAL CENTER OF SUGAR ESTATE, INC., GEORGE BLACKHALL, NEIL WEISS and JOHN R. OWCARZ,<br><br>Defendants. | CIVIL NO. 2012-05 |

## MEMORANDUM OPINION AND ORDER

Defendants B&W Realty Investments, Ltd., a/k/a B&W Realty, Inc. d/b/a Nisky Center and Vitraco Park Mall, a/k/a B&W Realty Investments, Ltd., d/b/a Nisky Center and Vitraco Park Mall, The Professional Center of Sugar Estate Inc. and George Blackhall have moved to set aside the default entered against them by the Clerk of Court on June 7, 2012 (ECF 24).   Plaintiff did not respond to the motion.   Because under Federal Rule of Civil Procedure 55 a court may in its discretion set aside a default, the motion will be granted.

This matter was filed on January 20, 2012, and service was made on February 1 and 3, 2012 on defendants.   Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), responses to the complaint would have been due in February 2012.   On April 4, 2012, when a responsive pleading

*Certain Underwriters at Lloyd's, et al. v. B&W Realty Investments, Ltd., et al.*
Civil No. 2012-05
Page 2

had not been filed, plaintiff requested that default be entered against these defendants. After defaults were entered on June 7, defendants on June 15, 2012 moved to set the default aside.[1]

A court may set aside a default under Federal Rule of Civil Procedure 55 (c) "for good cause:"

> In exercising its discretion to set aside a default, a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct.[2]

Here, as in *Dambach*, the default was entered early in the case, and defendants moved shortly thereafter to vacate the entry of default. Thus, no prejudice accrued to plaintiff in this short span of time. Further, defendants assert they have a meritorious defense,[3] and note several theories on which they intended to proceed. Finally, the failure to timely answer does not appear to have resulted from any discernible bad faith or other culpable conduct, but appears to be excusable based upon serious medical or personal issues of the individual defendant and the entity defendants' property manager that impacted their availability to address the complaint.

The United States Court of Appeal for the Third Circuit has made it clear that it "does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of

---

[1] Concurrently, these defendants filed a Motion for Leave to File Answer Out of Time (ECF 25).

[2] *Dambach v. United States*, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). See also *Miles v. Aramark Corr. Serv.*, 236 Fed. Appx. 746 (3d Cir. 2007).

[3] ECF 24 at pp. 4-5.

*Certain Underwriters at Lloyd's, et al. v. B&W Realty Investments, Ltd., et al.*
Civil No. 2012-05
Page 3

the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"[4] The circumstances presented here do not rise to the type of "extreme" conditions that would warrant refusal to set aside the default. Rather, the parties should be left to resolve their disputes on the merits.

Accordingly, it is hereby

Ordered that the motion to set aside the defaults is GRANTED.

**Dated:** June 26, 2012    S\_____
**RUTH MILLER**
United States Magistrate Judge

---

[4] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Company, Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). See also *United States v. Mulvenna*, 367 Fed. Appx. 348, 350 (3d Cir. 2010); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, National Hockey League, 427 U.S. at 643, and are to be reserved for comparable cases.").